UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HILDA A. SAMORI, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:20-CV-02001 |
| | ) |
| v. | ) |
| | ) Judge Edmond E. Chang |
| RALPHS GROCERY COMPANY, | ) |
| individually and d/b/a FOOD 4 LESS, | ) |
| and THE KROGER CO., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendants Ralphs Grocery Company and The Kroger Company removed this case from the Circuit Court of Cook County to federal court. R. 1, Notice of Removal. Plaintiff Hilda Samori has moved to remand the case back to state court. R. 9, Pl.'s Mot. to Remand. For the reasons that follow, the remand motion is denied and the Defendants are granted leave to amend their notice of removal.

**I. Background**

Samori's complaint, filed in the Circuit Court of Cook County in February 2020, alleges that she slipped on water and fell in an aisle of the Food 4 Less grocery store located in Chicago's Chatham neighborhood. *See* R. 1, Exh. 1, Complaint, at 1–3. She alleges that she suffered significant pain and injury as a result of this fall, and will not be able to work in future. *Id*. at 5. The complaint sounds in tort, with claims of premises liability and ordinary negligence advanced against both Ralphs Grocery (doing business under the name Food 4 Less) and its parent company, Kroger. *Id*. at

1

1, 4, 6, 8. For the amount in controversy, Samori seeks damages in excess of $50,000. *Id.* at 10–11.[1]

The Defendants were served with the summons and complaint on March 4, 2020. R. 1, Exh. 2, Notice of Service of Process; R. 9, Exh. A, Ralphs Grocery Proof of Service; Exh. B, Kroger Proof of Service. All of the documents evidencing service of process show an overlap between the two defendants. The document that the Defendants appended to the Notice of Removal lists Ralphs as the entity served, but then provides an employee of Kroger as the "primary contact." R. 1, Exh. 2, Notice of Service of Process. And the Sangamon County Sheriff's Office certifications of service provided by Samori list the same individual and address for both Ralphs and Kroger. R. 9, Exh. A, Exh. B.

On March 27, 2020, the Defendants removed the case to federal court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332, that is, pursuant to this Court's diversity jurisdiction. R. 1. Samori then moved to remand to state court. R. 9. Ordinarily, motions to remand present no great difficulty, but the parties have woven a tangled web, as explained next.

## II. Analysis

Generally speaking, removal of a state court action to federal court is governed by 28 U.S.C. §§ 1441 and 1446. Section 1441(a) generally authorizes parties to remove state cases to federal court so long as the case could have been filed in federal court

---

[1]There is no dispute that the $75,000+ amount-in-controversy requirement for federal diversity jurisdiction is satisfied here, given the allegations of pain and suffering, as well as the allegation of lost earnings. The $50,000 amount pleaded in the Complaint is simply the threshold for getting into the Law Division of the Cook County Circuit Court.

in the first place. Section 1446 sets forth the procedure for removal. Echoing the language of Federal Rule of Civil Procedure 8(a)—a crucial point to which the analysis will later return—Section 1446(a) requires only a "short and plain statement" when it comes to describing the grounds for removal:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court … a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a *short and plain statement of the grounds for removal*, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a) (emphasis added). Beyond plainly stating the grounds for removal, Section 1446 goes on to specify the required timing and other content of the notice of removal.

First, on timing, the notice must be filed no later than 30 days after the defendant receives a copy of the initial complaint (whether "through service or otherwise"). 28 U.S.C. § 1446(b)(1). Second, "all defendants who have been properly joined and served must join in or consent to the removal of the action." § 1446(b)(2)(A). Third, for removals based of diversity jurisdiction, there must be an adequate statement of the amount in controversy, as described in § 1446(c)(2).

Samori aims two primary criticisms at the Notice of Removal. First, she argues that the notice filed by Ralphs Grocery "fails to establish diversity between Plaintiff and Kroger." R. 9, Pl.'s Mot. to Remand at 1. Second, she argues that the notice also "fails to establish that Kroger consents to removal." *Id.* But events after the remand motion's filing have complicated the analysis. In their response to the motion to remand, the Defendants argue that Kroger was incorrectly named as party; that this

3

problem was clearly flagged in the notice of removal; and that defense counsel sent an affidavit to Samori's counsel on April 1, 2020—that is, within the 30-day window for removal as of right—explaining why Kroger was incorrectly named and requesting that Samori voluntarily dismiss Kroger from the case. R. 10, Def.'s Resp. at 2. In a supplemental response filed on April 13, the Defendants reported on a meet-and-confer between counsel for both sides, during which (the Defendants say) Samori's counsel "indicated that he will agree to stipulate to complete diversity jurisdiction and that The Kroger Co. consents to removal." R. 13, Def.'s Supp. Resp. at 1. Given these facts, the Defendants argue, the Notice of Removal was timely and complete. *Id.* at 2.

Samori's reply shows somewhat less consensus between the parties. There, she argues that Kroger did not consent to removal before April 3, 2020, which was the end of the 30-day deadline to remove after receipt of the complaint. R. 14, Pl.'s Reply at 4. Also, although the parties never finalized a stipulation to anything (rather, Samori's counsel e-mailed defense counsel offering to stipulate and asking for a proposed stipulation, which never arrived), Samori's counsel's offer to stipulate to diversity jurisdiction and Kroger's consent would only have been effective as of April 16, 2020, again leaving the Notice of Removal uncured and untimely. *Id.* at 4–5. The Court will address each issue in turn.

### A. Diversity Jurisdiction

When evaluating a motion to remand, the Court bears in mind the importance of the plaintiff's choice in forum: "The party seeking removal has the burden of

establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Having said that, as explained later in this Opinion, the statutory text allows for flexibility akin to the move away from formalistic pleading in the Federal Rules of Civil Procedure.

At the outset, the initial Notice of Removal was timely filed on March 27, 2020, which was 23 days after the Defendants were served with process on March 4. The Defendants also have tried (not always successfully, as explained later) to cure any deficiencies in the Notice and indeed appear to be willing to amend the Notice if needed. What is remarkable is that if the Defendants had simply set forth, in the initial Notice, the already-then-existing jurisdictional and removal facts, then no one doubts that diversity jurisdiction would have applied: Kroger's citizenship is (and always has been) diverse to Samori, and Kroger did in fact consent to removal within the 30-day period. The original Notice simply (and inexplicably) missed alleging what was necessary.

Very few cases appear to have considered this type of scenario. Yet there is a century-old (and then some) Supreme Court case that is on point. In *Kinney v. Columbia Savings & Loan Association*, 191 U.S. 78 (1903), the jurisdictional *facts* were not in dispute, but the jurisdictional *allegations* in the defendant's notice of removal were conclusory and plainly insufficient. *Id.* at 80. The Court observed that the pertinent federal statute allowed for removal, then as it does now, *as of right* if the

5

jurisdictional requirements are met. *Id.* at 81. It was clear, then, that the "suit was removable. Diverse citizenship in fact existed and the amount in controversy was over [the required minimum]. The right to remove existed, but the petition for removal was defective. If it had been sufficient there would have been no need of amendment." *Id.* at 80. On those facts, the Supreme Court reframed the issue: "The question is whether it [the petition for removal] was so defective as to be incurable. In other words, was the case one in which the court had power to permit the facts to be stated in order to secure to the defendant the removal to which it had a right?" *Id. Kinney* answered that question in the affirmative. *Id.* at 83–84.

So has the Seventh Circuit, when confronted with a similar scenario in *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368–69 (7th Cir. 1993). In *Shaw*, the notice of removal failed to mention whether the parent company of the removing defendant had consented to removal (the parent company too had been sued). *Id.* at 368. Not until the appeal did anyone notice that the parent company's consent had not been mentioned in the removal notice, and of course well more than 30 days had elapsed since receipt of the complaint. *Id. Shaw* held that even the "belated consent" was a basis for concluding that the defective notice did not undermine jurisdiction. *Id.* at 369. In part, the Seventh Circuit relied on the non-jurisdictional nature of the 30-day deadline to file the removal notice: although the 30-day limit for filing the notice of removal "is said to be strictly applied," that time limit is *not* a limit on subject matter jurisdiction. *Shaw*, 994 F.2d at 368–69 (citing *Northern Illinois Gas Co. v. Airco Indus.*, 676 F.2d 270, 273 (7th Cir. 1982)); *Ryan v. State Bd. of Elections of the State of*

6

*Ill.*, 661 F.2d 1130, 1134 (7th Cir. 1981). Also, the Seventh Circuit relied on 28 U.S.C. § 1653, which authorizes a party to fix jurisdictional allegations—even on appeal. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." § 1653.[2] On those grounds, the Seventh Circuit accepted the late-described consent of the parent company and jurisdiction was secure. *Shaw*, 994 F.2d at 368–69.

The text of Section 1446(a) is consistent with elevating substance over form. Remember that, in describing what must be alleged for the grounds of removal, Section 1446(a) simply requires "a short and plain statement of the grounds for removal." If this is reminiscent of Civil Rule 8(a), that is exactly the point: "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure …. Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to simplify the pleading requirements for removal and to clarify that courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (cleaned up).[3] Reading Section 1446(a) and Section § 1653 together results in this conclusion: jurisdictional allegations in a removal notice may be amended, in the appropriate circumstances, even after the 30-day statutory deadline has passed. Having said that, there are important limits on that

---

[2]Although § 1653 is entitled, "Amendment of pleadings to show jurisdiction," *Shaw* applied the statute to removal notices as well, 994 F.2d at 368–69.

[3]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

7

flexibility. First, "§ 1653 speaks of amending '*allegations* of jurisdiction,' which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830–31 (1989) (emphasis in original). That is, a removing defendant may add or amend jurisdictional *allegations* but cannot rely on a change in the actual underlying *facts* themselves, or otherwise game the system to manufacture federal jurisdiction where it would not otherwise have existed.

Second, and relatedly, a removing defendant may not, after the 30-day deadline has passed, add new or different *grounds* for federal jurisdiction than those stated in the original notice. *See* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3733 (rev. 4th ed. 2020) ("Prior to the expiration of the 30-day period for removal, the defendants may freely amend the notice of removal. Thereafter, however, most cases indicate that defendants may amend the notice only to set out more specifically the grounds for removal that already have been stated in the original notice."). So if a removal notice invokes one ground, like federal-question jurisdiction, after the 30-day period expires, the removing defendant may not switch gears and invoke diversity jurisdiction.

Given the flexibility in allowing amendments to removal notices, the Court will allow the Defendants to amend the Notice of Removal to more precisely set out the allegations supporting diversity jurisdiction (which was the basis of federal jurisdiction relied on in the original, timely Notice of Removal). The diversity statute requires "complete diversity," that is, that all plaintiffs are of different state citizenship from

8

all defendants, and an amount in controversy greater than $75,000. 28 U.S.C. § 1332; *see also Altom Transport, Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (complete diversity rule). "[W]hat matters for the citizenship of a corporation is its state of incorporation and its principal place of business." *Dalton v. Teva North America*, 891 F.3d 687, 690 (7th Cir. 2018). The original Notice of Removal alleged that Samori is a citizen of the State of Illinois, and that Ralphs Grocery Co. is an Ohio corporation with its principal place of business in California (so Ralphs is a citizen of both Ohio and California). R. 1, Notice of Removal, at 2.

The original Notice contained no allegations on Kroger's citizenship. Merely asserting that Kroger was improperly named does not dismiss it from the case; as of the time of removal, Kroger was (and is still) a defendant, and thus an allegation about Kroger's citizenship was (and is) essential. In the Defendants' response brief, they note that Kroger is an Ohio corporation. Def.'s Resp. at 2. Even that is incomplete, because citizenship is also based on principal place of business. Eventually, the Defendants filed a supplemental response in which they finally alleged that Kroger's principal place of business is in Ohio. Def.'s Supp. Resp. at 1. This, finally, is sufficient to establish complete diversity between Samori, on the one hand, and Ralphs and Kroger, on the other. All of these facts were in existence at the time of the filing of the removal notice, and given Samori's lack of factual resistance that complete diversity exists, *Id.* at 1; Pl.'s Reply at 4, 7–8, it is proper to allow the amendment of the jurisdictional allegations to "address[] only incorrect statements about jurisdiction

9

that actually exists." *Newman–Green, Inc.*, 490 U.S. at 830–31; *see also Kinney*, 191 U.S. at 83–84. Diversity of citizenship is established.

## B. Kroger's Consent to Removal

More challenging is the question of whether Kroger has consented to removal and adequately expressed it. 28 U.S.C. § 1446(b)(2)(A). Some facts point toward yes. In the original Notice of Removal, the opening paragraph says that both Ralphs Grocery "and THE KROGER CO., by and through *their* counsel, hereby give notice of the removal of the above-captioned action …." R. 1, Notice of Removal at 1 (capitals in original but italics added). The Notice thus starts out by saying that Kroger is filing the notice too, and that Ralphs and Kroger together are acting through "their" counsel. *Id.* What's more, in the crucial statement of consent, the Notice refers to the Defendants in the plural: "Defendants, by and through their counsel, consent to the removal of this action." *Id.* at 2 ¶ 4(e). Pointing the other way, however, is the signature block of the Notice, which says that it is submitted on behalf of Ralphs Grocery Company, and the signature line is described as "Counsel for Defendants Ralphs Grocery Company d/b/a Food 4 Less," without mentioning Kroger. *Id.* at 3. Also, Samori correctly observes that Kroger had not, as of that date, filed an attorney appearance in the case. R. 9, Pl.'s Mot. Remand at 1.

It is also true, as Samori argues, that some cases hold that *all* defendants must consent to removal in writing. *See, e.g.*, *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997) ("A petition for removal is deficient if not all defendants join in it."); *Northern Illinois Gas Co.*, 676 F.2d at 272 ("[A]ll defendants must join in a removal

10

petition in order to effect removal."); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) ("To 'join' a motion is to support it in writing."). *Gossmeyer* describes the in-writing requirement in this way: "to support the petition in writing" is to "sign it." 128 F.3d at 489.

For two reasons, the Court concludes that jurisdiction remains secure and that the removal is proper. First, as explained earlier, the Notice did explicitly start out by saying that the Notice was filed on behalf of both Ralphs Grocery *and* Kroger. R. 1, Notice of Removal at 1. More importantly, the most directly relevant statement—the one on consent to removal—also refers to the "Defendants" plural. *Id.* at 2 ¶ 4(e) ("Defendants, by and through their counsel, consent to the removal of this action."). Yes, the signature block is sloppy in omitting Kroger, and yes, Kroger should have filed an attorney appearance even if the company believed that it was incorrectly sued. But the actual body of the Notice's text and the key consent statement establish that Kroger did consent to the removal and did join in filing the Notice.

Even if the Notice were to be deemed at not joined by Kroger, once again the flexibility in fixing jurisdictional allegations allowed by 28 U.S.C. § 1653 and *Shaw* would apply to fixing this less-demanding removal allegation on consent. Out of an abundance of caution, the Court authorizes the Defendants to file an Amended Notice of Removal that explicitly declares that both of the Defendants consent. While they're at it, the Defendants should clearly and correctly allege diversity jurisdiction again, this time not forgetting both the state of incorporation and the state of each principal place of business. The Amended Notice must expressly declare (if it is true, of course)

11

that the consent and the citizenship facts all existed as of the time of the filing of the original Notice of Removal, that is, as of March 27, 2020. And to complete the current record, an attorney shall file an appearance on behalf of Kroger. The Amended Notice of Removal and the attorney appearance shall be filed by April 9, 2021.[4]

### III. Conclusion

Ultimately, this is one of those rare instances in which a defendant, rather than a plaintiff, is given the benefit of flexible pleading standards. Hopefully, the Defendants going forward will not drop the procedural ball and the case can move forward smoothly. The motion for remand, R. 9, is denied. Defendants' request for leave to file a revised notice of removal is granted. Out of an abundance of caution, the Defendants shall file the Amended Notice of Removal and the attorney appearance described earlier by April 9, 2021. The parties shall confer and file a joint initial status report, with a proposed discovery schedule, by April 15, 2021. The tracking status hearing of April 9, 2021, is reset to April 23, 2021, at 8:30 a.m., but to track

---

[4]Another reason to exercise discretion in fixing defective jurisdictional and removal allegations here is that it appears to be certain that Kroger is indeed not correctly sued. "Nominal" defendants need not consent to or join in the notice of removal. *See, e.g., R.C. Wegman Const. Co. v. Admiral Ins. Co.*, 629 F.3d 724, 726 (7th Cir. 2011). A nominal defendant is "someone against whom [plaintiff] does not seek relief," *id.*, or "if there is no reasonable basis for predicting that it will be held liable," *GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 631 (7th Cir. 2013). Much like how *Shaw* labelled Dow Brands' corporate parent, Dow Chemical, as the functional equivalent of a nominal defendant, so too here there is nothing in the Complaint that would explain how the corporate veil would be pierced here. The parties must formally deal with this, either via a voluntary dismissal or a motion to dismiss (or for early summary judgment, if some facts are needed outside the pleadings), but at the least the apparent mistake in naming Kroger as a defendant is another reason to allow the removal to proceed.

the case only (no appearance is required). The Court will set the discovery schedule based on the status report.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 31, 2021